```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF VIRGINIA
                     ALEXANDRIA DIVISION


SIMEON ALVARADO                        )
5061 1st Street, N.W., #204            )
Washington, D.C. 20011,                )
                                       )
          Plaintiff                    )
                                       )
vs.                                    ) C.A. No._____
                                       )
D&A CONTRACTING, INC.                  )
5526 Hershey Lane                      )
Alexandria, Virginia 22312             )
                                       )
   Serve:                              )
Donis Heraldo Almaraz                  )
5526 Hershey Lane                      )
Alexandria, Virginia 22312,            )
                                       )
DONIS HERALDO ALMARAZ                  )
5526 Hershey Lane                      )
Alexandria, Virginia 22312,            )
                                       )
          Defendants.                  )
_____)
```

## COMPLAINT

Plaintiff Simeon Alvarado, by counsel, hereby complains and alleges as follows:

### I. NATURE OF CASE

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., by Simeon Alvarado, against Defendants D&A Contracting, Inc. and Donis Heraldo Almaraz for overtime violations of the FLSA.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claim occurred in this district and in this division. Plaintiff was employed by Defendants in this district and in this division.

### III. THE PARTIES

4. Plaintiff Simeon Alvarado is a resident of Washington, D.C. From in or about March 2016 until on or about July 18, 2018, Plaintiff was employed by Defendants, working primarily in Northern Virginia. However, Plaintiff also worked in Maryland and the District of Columbia. Plaintiff performed construction work for Defendants.

5. Defendant D&A Contracting, Inc. is a corporation, organized under the laws of Virginia, with its principal place of business at 5526 Hershey Lane, Alexandria, Virginia 22312. Defendant D&A Contracting, Inc. has regularly conducted business activity in Northern Virginia. It provides construction services, among other things.

6. Defendant Donis Heraldo Almaraz is the owner and president of D&A Contracting, Inc. Mr. Almaraz has regularly conducted business activity in Northern Virginia, including through D&A Contracting, Inc.

### IV. FACTS

7. On information and belief, Defendant D&A Contracting, Inc. had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

8. Defendant D&A Contracting, Inc. was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

9. Defendants were an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

10. Defendants engaged in interstate commerce by such means as regularly engaging in telephone calls with persons in other states, regularly sending mail to and receiving mail from persons in other states, making business transactions in interstate commerce, and using goods manufactured in other states.

11. Defendant D&A Contracting, Inc. had contracts with and provided services to customers in multiple states, including in Virginia.

12. Defendants were all employers of Plaintiff for purposes of the FLSA.

13. Plaintiff was jointly employed by Defendants for purposes of the FLSA at all times relevant herein.

14. Donis Heraldo Almaraz acted directly or indirectly in the interest of D&A Contracting, Inc. in relation to Plaintiff for purposes of the FLSA.

15. Donis Heraldo Almaraz had operational control of significant aspects of the day-to-day functions of D&A Contracting, Inc., including involvement in decisions on the hiring, firing, and compensation of employees, at all times relevant herein.

16. Donis Heraldo Almaraz exercised control over the work situation at D&A Contracting, Inc. at all times relevant herein.

17. Donis Heraldo Almaraz had the power to hire and fire employees, had the power to supervise and/or control employees' work schedules or conditions of employment, had the power to determine the rate and method of employee compensation, and had authority over maintenance of employment records.

18. Plaintiff worked primarily in Northern Virginia, for Defendants, but also worked in Maryland and in the District of Columbia for Defendants.

19. Plaintiff regularly used construction material and tools, which traveled in interstate commerce from out of state, as part of his job.

20. Plaintiff engaged in commerce across state lines in the course of his employment with Defendants by, without limitation, using goods, construction materials, and tools manufactured in other states as part of his job duties, and by performing work for Defendants in Virginia, Maryland, and the District of Columbia.

21. Plaintiff's work affected interstate commerce.

22. Plaintiff's work was an essential part of the stream of interstate commerce.

23. Plaintiff regularly worked more than 40 hours a week for Defendants.

24. Defendants and/or their agents required and/or suffered or permitted Plaintiff to work overtime hours.

25. Defendants paid Plaintiff on an hourly basis, but failed to pay Plaintiff overtime compensation equal to one and one-half his FLSA regular rate of pay for all overtime hours of work.

26. Defendants paid Plaintiff straight time compensation for his hours of work, even for hours worked over 40 in a workweek.

27. On or about January 24, 2018, Defendants paid Plaintiff $672.00 for 48 hours of work in the prior workweek at a straight time rate of $14.00 per hour.

28. On or about December 27, 2017, Defendants paid Plaintiff $812.00 for 58 hours of work in the prior workweek at a straight time rate of $14.00 per hour.

29. Defendants paid Plaintiff on an hourly basis, but did not pay Plaintiff time and one-half his FLSA regular rate of pay for all hours worked over 40.

30. Defendant D&A Contracting, Inc., through counsel, admitted in a workers compensation case brought by Plaintiff that Plaintiff was an employee of the company.

31. Defendants knew and/or should have known that Plaintiff was working more than 40 hours a week without being paid one and one-half times his FLSA regular rate of pay for all hours worked over 40.

32. Defendants knew or should have known that its compensation scheme violated the FLSA.

33. Defendants' violations of the FLSA were either intentional or in reckless disregard of the law in not knowing that such actions were unlawful.

34.  Defendants failed to post in the workplace the poster concerning rights under the FLSA required by the U.S. Department of Labor under 29 C.F.R. §516.4.

## V. CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF FLSA OVERTIME REQUIREMENTS

35.  The allegations of the preceding paragraphs are here realleged.

36.  Defendants did not compensate Plaintiff at the proper rate for all hours that Defendants required and/or "suffered or permitted" Plaintiff to work for Defendants with the actual or constructive knowledge of Defendants.

37.  Defendants regularly and willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

38.  Defendants did not pay Plaintiff one and one-half times his FLSA regular rate of pay for all of the hours he worked in excess of 40 in each workweek.

39.  Defendants did not pay Plaintiff the amount of overtime compensation required by law for all overtime hours worked.

40.  Defendants regularly and willfully violated the FLSA by not compensating Plaintiff at the proper rate for all hours he was required and/or "suffered or permitted" to work for Defendants and/or for not paying all overtime compensation due to Plaintiff.

41.  By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as

liquidated damages, and reasonable attorneys' fees and expenses, and costs under 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendants D&A Contracting, Inc. and Donis Heraldo Almaraz, jointly and severally, for unpaid compensation (including unpaid overtime compensation), in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

Respectfully submitted,

SIMEON ALVARADO
By counsel:


 /s/ John J. Rigby

John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2111 Wilson Blvd., Suite 800
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com



Daniel P. Barrera, #32185
The Barrera Law Firm, PLLC
5845 Richmond Highway, Suite 620
Alexandria, Virginia 22303
(703) 955-4007
(703) 663-9200 (fax)
dbarrera@barreralawfirm.com